Daniel J. Kelly (Bar No. 145088)
Nairi Chakalian (Bar No. 212976)
HAIGHT BROWN & BONESTEEL LLP
71 Stevenson Street, 20th Floor
San Francisco, California 94105-2981
Telephone:  415.546.7500
Facsimile:  415.546.7505

Attorneys for Defendant
NORTHROP GRUMMAN SHIP SYSTEMS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ALLENE McINTYRE, as Wrongful Death Heir, and as Successor-in-Interest to EDWARD McINTYRE, Deceased; and SARAH McINTYRE, as Legal Heir of EDWARD McINTYRE, Deceased,<br><br>Plaintiffs,<br><br>vs.<br><br>NORTHROP GRUMMAN SHIP SYSTEMS, INC.,<br><br>Defendant. | Case No. CV 08-3070 EDL<br><br>**ANSWER OF NORTHROP GRUMMAN SHIP SYSTEMS, INC. TO COMPLAINT; DEMAND FOR JURY TRIAL** |

Defendant Northrop Grumman Ship Systems, Inc. ("Northrop" or "Defendant") in answer to the complaint of plaintiffs Allene McIntyre and Sarah McIntyre ("Plaintiffs") for asbestos wrongful death, admits, denies, and alleges as follows:

## I.

## **PARTIES**

1.    Northrop lacks sufficient information to admit or deny the allegations contained in paragraph 1 and therefore denies each and every allegation.

2.    Northrop admits that the term "Decedent" means Edward McIntyre and the term "surviving spouse" refers to Allene McIntyre. Northrop admits that Mr. McIntyre died on or about July 19, 2007. Northrop lacks sufficient information to admit or deny the

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
San Francisco

NG06-0000165
3423574.1

1

Case No.  CV 08-3070 EDL
ANSWER OF NORTHROP TO COMPLAINT;
DEMAND FOR JURY TRIAL

1  remaining allegations contained in paragraph 2 and therefore denies each and every allegation.

3.  Northrop lacks sufficient information to admit or deny the allegations contained in paragraph 3 and therefore denies each and every allegation.

4.  Northrop lacks sufficient information to admit or deny the allegations contained in paragraph 4 and therefore denies each and every allegation.

5.  Northrop lacks sufficient information to admit or deny the allegations contained in paragraph 5 and therefore denies each and every allegation.

6.  Northrop lacks sufficient information to admit or deny the allegations contained in paragraph 6 and therefore denies each and every allegation.

## II.

## JURISDICTION, VENUE AND INTRADISTRICT ASSIGNMENT

7.  <u>Jurisdiction</u>:  Northrop admits that it is a corporation and its principal place of business is in Mississippi.  As to the remaining allegations of this paragraph, Northrop lacks sufficient information to admit or deny the allegations and therefore denies each and every allegation.

8.  <u>Venue/ Intradistrict Assignment</u>:  Northrop denies the allegations contained in paragraph 8.

## III.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION (Negligence-Survival)

9.  Northrop denies that it is in any way responsible for Plaintiffs' or Decedent's alleged injuries or damages and further denies that it can be held responsible for the purported conduct of "Alternate Entities" identified as "AVONDALE INDUSTRIES, INC.," "AVONDALE SHIPYARDS, INC.", "INGALLS SHIPBUILDING, INC." or any of them as alleged in the complaint.  As to the remaining allegations of paragraph 9, Northrop lacks sufficient information to admit or deny the allegations and therefore denies each and every allegetion.

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
San Francisco

NG06-0000165
3423574.1

2

Case No.  CV 08-3070 EDL
ANSWER OF NORTHROP TO COMPLAINT;
DEMAND FOR JURY TRIAL

10. Northrop denies the allegations contained in paragraph 10 as applied to it. As to the remaining allegations of this paragraph, Defendant lacks sufficient information to admit or deny the allegations and therefore denies each and every allegation.

11. Northrop denies the allegations contained in paragraph 11 as applied to it. As to the remaining allegations of this paragraph, Defendant lacks sufficient information to admit or deny the allegations and therefore denies each and every allegation.

12. Northrop denies the allegations contained in paragraph 12 as applied to it. As to the remaining allegations of this paragraph, Defendant lacks sufficient information to admit or deny the allegations and therefore denies each and every allegation.

13. Northrop denies the allegations contained in paragraph 13 as applied to it. As to the remaining allegations of this paragraph, Defendant lacks sufficient information to admit or deny the allegations and therefore denies each and every allegation.

14. Northrop lacks sufficient information to admit or deny the allegations contained in paragraph 14 and therefore denies each and every allegation.

15. Northrop denies the allegations contained in paragraph 15 as applied to it. As to the remaining allegations of this paragraph, Defendant lacks sufficient information to admit or deny the allegations and therefore denies each and every allegation.

16. Northrop lacks sufficient information to admit or deny the allegations contained in paragraph 16 and therefore denies each and every allegation.

17. Northrop lacks sufficient information to admit or deny the allegations contained in paragraph 17 and therefore denies each and every allegation.

18. Northrop denies the allegations contained in paragraph 18 as applied to it. As to the remaining allegations of this paragraph, Defendant lacks sufficient information to admit or deny the allegations and therefore denies each and every allegation.

19. Northrop denies the allegations contained in paragraph 19 as applied to it. As to the remaining allegations of this paragraph, Defendant lacks sufficient information to admit or deny the allegations and therefore denies each and every allegation.

20. Northrop denies the allegations contained in paragraph 20 as applied to it.

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
San Francisco

NG06-0000165
3423574.1

3

Case No. CV 08-3070 EDL
ANSWER OF NORTHROP TO COMPLAINT;
DEMAND FOR JURY TRIAL

As to the remaining allegations of this paragraph, Defendant lacks sufficient information to admit or deny the allegations and therefore denies each and every allegation.

21. Northrop denies the allegations contained in paragraph 21 as applied to it. As to the remaining allegations of this paragraph, Defendant lacks sufficient information to admit or deny the allegations and therefore denies each and every allegation.

22. Northrop denies the allegations contained in paragraph 22 as applied to it. As to the remaining allegations of this paragraph, Defendant lacks sufficient information to admit or deny the allegations and therefore denies each and every allegation.

23. Northrop denies the allegations contained in paragraph 23 as applied to it. As to the remaining allegations of this paragraph, Defendant lacks sufficient information to admit or deny the allegations and therefore denies each and every allegation.

24. Northrop denies the allegations contained in paragraph 24 as applied to it. As to the remaining allegations of this paragraph, Defendant lacks sufficient information to admit or deny the allegations and therefore denies each and every allegation.

25. Northrop denies the allegations contained in paragraph 25 as applied to it. As to the remaining allegations of this paragraph, Defendant lacks sufficient information to admit or deny the allegations and therefore denies each and every allegation.

**SECOND CAUSE OF ACTION (Products Liability-Survival)**

26. Northrop incorporates its responses to paragraphs 9-25 and by reference in response to the allegations contained in paragraph 26.

27. Northrop denies the allegations contained in paragraph 27 as applied to it. As to the remaining allegations of this paragraph, Defendant lacks sufficient information to admit or deny the allegations and therefore denies each and every allegation.

28. Northrop denies the allegations contained in paragraph 28 as applied to it. As to the remaining allegations of this paragraph, Defendant lacks sufficient information to admit or deny the allegations and therefore denies each and every allegation.

29. Northrop denies the allegations contained in paragraph 29 as applied to it. As to the remaining allegations of this paragraph, Defendant lacks sufficient information to

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
San Francisco

NG06-0000165
3423574.1

4

Case No.  CV 08-3070 EDL
ANSWER OF NORTHROP TO COMPLAINT;
DEMAND FOR JURY TRIAL

1 admit or deny the allegations and therefore denies each and every allegation.

30. Northrop denies the allegations contained in paragraph 30 as applied to it. As to the remaining allegations of this paragraph, Defendant lacks sufficient information to admit or deny the allegations and therefore denies each and every allegation.

31. Northrop denies the allegations contained in paragraph 31 as applied to it. As to the remaining allegations of this paragraph, Defendant lacks sufficient information to admit or deny the allegations and therefore denies each and every allegation.

32. Northrop denies the allegations contained in paragraph 32 as applied to it. As to the remaining allegations of this paragraph, Defendant lacks sufficient information to admit or deny the allegations and therefore denies each and every allegation.

33. Northrop denies the allegations contained in paragraph 33 as applied to it. As to the remaining allegations of this paragraph, Defendant lacks sufficient information to admit or deny the allegations and therefore denies each and every allegation.

34. Northrop denies the allegations contained in paragraph 34 as applied to it. As to the remaining allegations of this paragraph, Defendant lacks sufficient information to admit or deny the allegations and therefore denies each and every allegation.

35. Northrop denies the allegations contained in paragraph 35 as applied to it. As to the remaining allegations of this paragraph, Defendant lacks sufficient information to admit or deny the allegations and therefore denies each and every allegation.

36. Northrop denies the allegations contained in paragraph 36 as applied to it. As to the remaining allegations of this paragraph, Defendant lacks sufficient information to admit or deny the allegations and therefore denies each and every allegation.

**THIRD CAUSE OF ACTION (Negligence-Wrongful Death)**

37. Northrop incorporates its responses to paragraphs 9-25 and 27-36 by reference in response to the allegations contained in paragraph 37.

38. Northrop admits that the complaint alleges the relationship between Decedent and Plaintiffs but Northrop lacks sufficient information to admit the accuracy of the allegations.

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
San Francisco

NG06-0000165
3423574.1

5

Case No. CV 08-3070 EDL
ANSWER OF NORTHROP TO COMPLAINT;
DEMAND FOR JURY TRIAL

1  39.  Northrop lacks sufficient information to admit or deny the allegations contained in paragraph 39 and therefore denies each and every allegation.

  40.  Northrop denies the allegations contained in paragraph 40 as applied to it. As to the remaining allegations of this paragraph, Defendant lacks sufficient information to admit or deny the allegations and therefore denies each and every allegation.

  41.  Northrop lacks sufficient information to admit or deny the allegations contained in paragraph 41 and therefore denies each and every allegation.

  42.  Northrop denies the allegations contained in paragraph 42 as applied to it. As to the remaining allegations of this paragraph, Defendant lacks sufficient information to admit or deny the allegations and therefore denies each and every allegation.

  43.  Northrop denies the allegations contained in paragraph 43 as applied to it. As to the remaining allegations of this paragraph, Defendant lacks sufficient information to admit or deny the allegations and therefore denies each and every allegation.

**FOURTH CAUSE OF ACTION (Products Liability-Wrongful Death)**

  44.  Northrop incorporates its responses to paragraphs 9-25, 27-36, and 38-43 by reference in response to the allegations contained in paragraph 44.

  45.  Northrop denies the allegations contained in paragraph 45 as applied to it. As to the remaining allegations of this paragraph, Defendant lacks sufficient information to admit or deny the allegations and therefore denies each and every allegation.

**FIRST AFFIRMATIVE DEFENSE**

  46.  Plaintiffs' complaint fails to state a claim against Northrop upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

  47.  Northrop alleges that the product involved was materially altered or changed by a party or parties other than, and without the permission of, this answering defendant, its employees, servants, or other agents, such alteration or change creating the alleged defect, if any, which was the legal cause of Plaintiffs' or decedent's injuries, or damages, if any.

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
San Francisco

NG06-0000165
3423574.1

6

Case No. CV 08-3070 EDL
ANSWER OF NORTHROP TO COMPLAINT;
DEMAND FOR JURY TRIAL

**THIRD AFFIRMATIVE DEFENSE**

48. Northrop alleges that the defect in the product, if any, was known to decedent, who used said product after full knowledge of said alleged defect; that, as a result, Plaintiffs are barred from recovery herein, proportionately or totally, in that decedent voluntarily exposed himself and his property to a known danger and thereby assumed the risk of any injury or damage resulting from that injury.

**FOURTH AFFIRMATIVE DEFENSE**

49. Northrop alleges that Plaintiffs' complaint and each and every cause of action therein based upon warranty or breach thereof, is barred as a result of failure of Plaintiffs or decedent to give notice required under *Commercial Code* section 2607(3)(a).

**FIFTH AFFIRMATIVE DEFENSE**

50. Northrop alleges that the product was improperly maintained and cared for by decedent or his employers or agents; that such improper maintenance and care created the defect, if any, that was the legal cause of Plaintiffs' or decedent's injuries and damages, if any; that such improper maintenance and care was unforeseeable to this answering defendant; and that Plaintiffs' claim is thereby reduced by the percentage of all responsibility attributable to Plaintiffs, decedent, his employer or other agents by virtue of said improper maintenance and care.

**SIXTH AFFIRMATIVE DEFENSE**

51. Northrop alleges that the loss, injury, or damage, if any, incurred by Plaintiffs was the result of superseding or intervening causes arising from negligent or willful acts or omissions by parties which Northrop neither controlled nor had the right to control, and said losses, injuries, or damages were not proximately or legally caused by any act, omission, or other conduct of Northrop.

**SEVENTH AFFIRMATIVE DEFENSE**

52. Northrop alleges that the Plaintiffs and decedent failed to mitigate their damages, if any, in that they failed to use reasonable diligence in caring for decedent's injuries and reasonable means to prevent their aggravation or to accomplish their healing.

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
San Francisco

NG06-0000165
3423574.1

7

Case No. CV 08-3070 EDL
ANSWER OF NORTHROP TO COMPLAINT;
DEMAND FOR JURY TRIAL

### EIGHTH AFFIRMATIVE DEFENSE

53. Northrop alleges that, if it is responsible to Plaintiffs, which responsibility is expressly denied, Northrop shall be liable only for the amount of non-economic damages allocated to Northrop in direct proportion to its percentage of fault, if any.

### NINTH AFFIRMATIVE DEFENSE

54. Northrop alleges that Plaintiffs' claims are barred by the doctrine of laches.

### TENTH AFFIRMATIVE DEFENSE

55. Northrop alleges that, if the products described in the complaint were manufactured or distributed by this answering defendant, they were manufactured or distributed in accordance with specifications and requirements supplied to defendants by persons other than defendants including, but not limited to, the government of the United States of America. Any defect in said products was caused by deficiencies in said mandatory specifications and requirements supplied to defendant, which deficiencies were neither known to defendant nor discoverable by it with the exercise of reasonable care.

### ELEVENTH AFFIRMATIVE DEFENSE

56. Northrop alleges that neither Plaintiffs nor decedent were in privity with defendant and, therefore, may not rely upon the theory of any alleged breach of express or implied warranty.

### TWELFTH AFFIRMATIVE DEFENSE

57. Northrop alleges that any exposure of decedent to defendant's products was so minimal as to be insufficient to establish a reasonable degree of probability that any such product caused any alleged injury, damage, or loss to Plaintiffs or decedent.

### THIRTEENTH AFFIRMATIVE DEFENSE

58. Northrop is informed and believes, and upon such information and belief alleges that decedent was negligent, careless, reckless, and acted unlawfully in the use, control, direction and application of his bodily movements and the equipment, safety devices, and other facilities supplied to him, and existing as a part of his environment, and the injuries, if any, and damages, if any, were directly and legally caused, contributed to,

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
San Francisco

NG06-0000165
3423574.1

8

Case No. CV 08-3070 EDL
ANSWER OF NORTHROP TO COMPLAINT;
DEMAND FOR JURY TRIAL

and exacerbated by his own negligence.

### FOURTEENTH AFFIRMATIVE DEFENSE

59. Northrop is informed and believes and upon such information and belief alleges that decedent misused the product and used same after knowledge of defect, if any, existing therein.

### FIFTEENTH AFFIRMATIVE DEFENSE

60. Northrop alleges that the decedent's employer so negligently, carelessly, recklessly, and unlawfully directed, controlled, and supplied decedent and his co-employees with a working environment, including safety and protective equipment, clothing or the lack thereof, so as to directly and proximately cause and contribute to the injuries in question, if the same do exist, and to the extent that any sum or sums have been paid to Plaintiffs by said employer, this claim is barred thereby.

### SIXTEENTH AFFIRMATIVE DEFENSE

61. Northrop alleges that the complaint, and each and every cause of action therein, fails to state facts sufficient to constitute a cause of action against defendant and is barred by the provisions of *Labor Code* sections 3600, 3601, and/or 3602.

### SEVENTEENTH AFFIRMATIVE DEFENSE

62. The complaint, and each and every cause of action therein, is barred by the applicable statute of limitations.

### EIGHTEENTH AFFIRMATIVE DEFENSE

63. Northrop alleges that the statutory authority, including but not limited to *Civil Code* section 3294, pursuant to which plaintiff claims punitive damages is invalid on its face and/or as applied to this answering defendant pursuant to the First, Fifth, Eighth and Fourteenth Amendments of the Constitution of the United States and Article I of the Constitution of the State of California.

### NINETEENTH AFFIRMATIVE DEFENSE

64. Northrop alleges that, insofar as the Complaint alleges punitive damages against defendant, such damages are not permitted in actions based upon wrongful death.

LAW OFFICES
HAIGHT, BROWN & BONESTEEL, L.L.P.
San Francisco

NG06-0000165
3423574.1

9

Case No. CV 08-3070 EDL
ANSWER OF NORTHROP TO COMPLAINT;
DEMAND FOR JURY TRIAL

### TWENTIETH AFFIRMATIVE DEFENSE

65. The complaint, and every purported cause action against Northrop, is barred by the "Government Contractor Defense" recognized in *Boyle v. United Technologies Corp.* 487 U.S. 500 (1988).

### TWENTY-FIRST AFFIRMATIVE DEFENSE

66. The complaint, and every purported cause action against Northrop, is barred by the derivative sovereign immunity defense recognized in *Yearsley v. W.A. Ross Construction Co.* 309 U.S. 18 (1940).

### TWENTY-SECOND AFFIRMATIVE DEFENSE

67. The complaint, and every purported cause action against Northrop, is barred by the "Sophisticated User" doctrine recognized in *Johnson v. American Standard, Inc.* (2008) 43 Cal.4th 56, 71 [74 Cal.Rptr.3d 108]. A manufacturer is not liable to a sophisticated user of its product for failure to warn of a risk, harm, or danger, if the sophisticated user knew or should have known of that risk, harm, or danger. The "Sophisticated User" defense applies to both negligence and strict liability causes of action. At all relevant times, Edward McIntyre knew or should have known of the risk, harm or danger, if any, posed by the use of the products allegedly at issue in this case.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

68. Defendant is informed and believes and thereon alleges that to the extent that the "consumer expectations" test is applicable to any design defect claim, if any, it would depend upon the reasonable expectation of the "sophisticated user" and not the reasonable expectation of an ordinary consumer, employee, or any individual member of the "sophisticated user" group.

WHEREFORE, defendant Northrop Grumman Ship Systems, Inc. prays for judgment as follows:

1. That Plaintiffs take nothing by way of their complaint and that the complaint be dismissed with prejudice;

///

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
San Francisco

NG06-0000165
3423574.1

10

Case No. CV 08-3070 EDL
ANSWER OF NORTHROP TO COMPLAINT;
DEMAND FOR JURY TRIAL

1      2.    That Northrop Grumman Ship Systems, Inc. be awarded its costs of suit and
2  attorney fees, as applicable; and
3      3.    For such other relief as the court deems just and proper.
4  Dated: July 29, 2008                HAIGHT BROWN & BONESTEEL LLP

By: *Nairi Chakalian*
Daniel J. Kelly
Nairi Chakalian
Attorneys for Defendant
NORTHROP GRUMMAN SHIP
SYSTEMS, INC.

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
San Francisco

NG06-0000165
3423574.1

11

Case No. CV 08-3070 EDL
ANSWER OF NORTHROP TO COMPLAINT;
DEMAND FOR JURY TRIAL

## DEMAND FOR JURY TRIAL

Defendant Northrop Grumman Ship Systems, Inc. hereby demands a trial by jury in this action.

Dated: July 29, 2008

HAIGHT BROWN & BONESTEEL LLP

By: *Nairi Chakalian*
Daniel J. Kelly
Nairi Chakalian
Attorneys for Defendant
NORTHROP GRUMMAN SHIP SYSTEMS, INC.

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
San Francisco

NG06-0000165
3423574.1

12

Case No. CV 08-3070 EDL
ANSWER OF NORTHROP TO COMPLAINT;
DEMAND FOR JURY TRIAL