ALAN R. BRAYTON, ESQ., S.B. #73685
DAVID R. DONADIO, ESQ., S.B. #154436
FRANK J. ANDERS, ESQ., S.B. #227208
BRAYTON❖PURCELL LLP
Attorneys at Law
222 Rush Landing Road
P.O. Box 6169
Novato, California 94948-6169
(415) 898-1555
(415) 898-1247 (Fax No.)

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| ALLENE McINTYRE, *et al.,* | No. C 08-3070-EDL |
| Plaintiffs, | |
| vs. | JOINT MOTION AND STIPULATION TO STAY PROCEEDING OR, IN THE ALTERNATIVE, TO CONTINUE CASE MANAGEMENT DEADLINE AND CONFERENCE, AND TO EXTEND TIME; [PROPOSED] ORDER TO STAY; [PROPOSED ALTERNATIVE] ORDER TO CONTINUE |
| NORTHROP GRUMMAN SHIP SYSTEMS, INC., | |
| Defendant. | |

Pursuant to Civil L. R. 7-11 and 7-12, the following parties hereby stipulate to, and respectfully move the Court for, an Order extending time as set forth in the *Case Management Scheduling Order* filed June 25, 2008, for the following good cause:

On July 29, 2008, Defendant NORTHROP GRUMMAN SHIP SYSTEMS, INC. filed Notice to Tag Along Action regarding the pending Multidistrict Litigation ("MDL") in the Eastern District of Pennsylvania, seeking among other things, to move Jurisdiction of this matter to that District (Document 8). Defendant NORTHROP GRUMMAN SHIP SYSTEMS, INC. has since mailed this notice to the Judicial Panel on Multidistrict Litigation ("JPML") pursuant to 28 U.S.C. § 1407; said notice to the JPML from counsel being necessary to initiate the transfer process.

On July 29, 1991, the JPML entered an order transferring all asbestos personal injury cases pending in the federal courts to the United States District Court for the Eastern District of Pennsylvania, for coordinated pretrial proceedings pursuant to 28 U.S.C. § 1407. (*In re Asbestos Products Liability Litigation (no. VI). MDL No. 875.*, 771 F.Supp. 415 (1991)).  That order also applies to "tag-along actions," or actions involving common questions of fact filed after January 17, 1991. Such actions are to be transferred to the eastern District of Pennsylvania as part of MDL 875,  for coordinated pretrial proceedings.

The JPML has held that a district court has the authority to stay pending a transfer order. *In re Asbestos Products Liability Litigation,* 170 F. Supp. 2d 1348, 1349 n.1 (J.P.M.L. 2001) ("[T]hose courts concluding that such issues should be addressed by the transferee judge need not rule on them, and the process of 1407 transfer in MDL-875 can continue without any unnecessary interruption or delay.")

The parties agree that it is likely that the JPML  will transfer this matter to the Eastern District of Pennsylvania. The Clerk of the JPML has not entered a *Conditional Transfer Order* pursuant to JPML Rule 12(a) or filed an order to show cause why the action should not be transferred, pursuant to JPML Rule 13(b).  It is likely the dates set forth in the *Case Management Scheduling Order*  including the deadlines imposed by Federal Rules of Civil Procedure, Rule 26, will pass before the Clerk of the JPML acts.

The parties make this Motion on the grounds that a stay of this action would (a) promote judicial efficiency, (b) allow consistency in pretrial rulings, and (c) be most convenient to the parties.

For the reasons above, the parties hereby STIPULATE to and respectfully request the Court VACATE its *Case Management Scheduling Order* and that the Court issue an Order STAYING this action pending the outcome of the MDL Panel's decision on the merits of the transfer.

////

////

////

In the alternative, the parties hereby STIPULATE to and respectfully request that this Court vacate and continue the dates set forth in the *Case Management Scheduling Order* pending the outcome of the JPML's decision on the merits of the transfer.

Dated: August 1, 2008                                   BRAYTON❖PURCELL LLP

/s/ David R. Donadio

By: _____
David R. Donadio
Attorneys for Plaintiffs

Dated: August 1, 2008                                   HAIGHT BROWN AND BONESTEEL LLP

/s/ Daniel J. Kelly

By: _____
Daniel J. Kelly
Attorneys for Defendant
Northrop Grumman Ship Systems, Inc.

[PROPOSED] **ORDER TO STAY**

IT IS HEREBY ORDERED that the hearing date and deadlines specified in the *Case Management Scheduling Order* dated June 25, 2008, are hereby VACATED and that this action is STAYED pending the outcome of the JPML's decision on the merits of the transfer.

Dated: _____

_____
Elizabeth D. Laporte
United States Magistrate Judge

////
////
////
////
////
////
K:\Injured\106109\FED - WD\Stip stay or cont (McIntyre).wpd     3
JOINT MOTION AND STIPULATION TO STAY PROCEEDING OR, IN THE ALTERNATIVE, TO CONTINUE CASE MANAGEMENT DEADLINES – C 08-3070-EDL

1  [PROPOSED *ALTERNATIVE*]  **ORDER TO CONTINUE**

2  IT IS HEREBY ORDERED that the hearing date and deadlines specified in the *Case Management Scheduling Order* dated June 25, 2008, are hereby VACATED.

4  IT IS FURTHER ORDERED that the following case management deadlines are continued as follows:

6  1.  The Case Management Conference is [set for a date after November 15, 2008 to wit:] _____, 2008; at 3:00 p.m., Courtroom E, 15th Floor, 450 Golden Gate Avenue, San Francisco, California.

9  2.  Last day to meet and confer re initial disclosures, early settlement, ADR process selection, and discovery plan is 21 days before the Case Management Conference in paragraph 1, above.

12  3.  Last day to file Joint ADR Certification with Stipulation to ADR process or Notice of Need for ADR Phone Conference is 21 days before the Case Management Conference in paragraph 1, above.

15  4.  Last day to complete initial disclosures or state objection to Rule 26(f) Report, file/serve Case Management Statement and file/serve Rule 26(f) Report is 5 court days before the Case Management Conference in paragraph 1, above.

Dated: _____

_____
Elizabeth D. Laporte
United States Magistrate Judge